JUDGE McMAHON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CIV 4115

------------------------------------X
YING YING ZHU,

                                 Plaintiff,    **NOTICE OF REMOVAL**

                                                  Case No.

                -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK, AND THE CITY OF NEW YORK,

                                Defendants.
------------------------------------X

**TO:    THE UNITED STATES DISTRICT COURT,
         SOUTHERN DISTRICT OF NEW YORK**

        Defendants, by and through their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, respectfully show this Court as follows:

        1.    On or about May 17, 2011, the New York City Law Department, Office of the Corporation Counsel, received by hand a Summons and Verified Complaint in the above-entitled action, pending in the Supreme Court of the State of New York, County of New York, Index No. 105796/11, naming the Board of Education of the City School District of the City of New York ("BOE") (also known as and being sued herein as the "Department of Education of the City of New York") and the City of New York as defendants therein, and setting forth the claims for relief upon which the action is based. A copy of plaintiff's Summons and Complaint, dated May 10, 2011, is annexed hereto as Exhibit "A."

        2.    The above-captioned action is a civil action of which the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges a claim which arises under the laws of the United States, and a violation of plaintiff's federal civil rights by

defendants. This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441(b) and 1443.

3. Plaintiff brings this lawsuit claiming, inter alia, that defendants discriminated against her and retaliated against her because of her race and national origin, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). See Exhibit "A" ¶ 3.

4. This Notice of Removal is timely because it is being filed within thirty days (30) days of receipt of the initial pleading. See 28 U.S.C. § 1446(b).

5. All defendants consent to the removal of this action to the District Court.

6. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.

**WHEREFORE**, defendants respectfully request that the above-captioned action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
June 16, 2011

                                       MICHAEL A. CARDOZO
                                       Corporation Counsel of the
                                          City of New York
                                       Attorney for Defendants
                                       100 Church Street, Room 2-108
                                       New York, New York 10007
                                       (212) 788-0960
                                       jhallman@law.nyc.gov

By: _____
                James L. Hallman
                Assistant Corporation Counsel

TO: Stewart Lee Karlin, Esq.
       Attorney for Plaintiff
       9 Murray Street, Suite 4W
       New York, New York 10007
       (212) 732-9450

## CERTIFICATE OF SERVICE

I, James L. Hallman, hereby certify that, on June 16, 2011, I served the annexed Notice of Removal upon Stewart Lee Karlin, Esq., the attorney for the plaintiff herein, by depositing a copy of the same, enclosed in a first-class post-paid properly-addressed wrapper in a post office/official depository located at 100 Church Street, in the Borough of Manhattan, City of New York, directed to said attorney for plaintiff at 9 Murray Street, Suite 4W, New York, New York 10007, that being the address designated by him for that purpose.

Dated:  New York, New York
        June 16, 2011

                                            _____
                                            James L. Hallman
                                            Assistant Corporation Counsel

# EXHIBIT A

2011-014986

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X

YING YING ZHU,

              Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, AND
THE CITY OF NEW YORK,

              Defendant.
-----------------------------------------------------------X

Index No. 105796.11

Date Purchased: 5.17.11

Plaintiff designates New York
County as the place of trial

**SUMMONS**

The basis of the venue is:
Defendant's Principal Place of
business.

Plaintiff resides: 2684 E. 23rd Street
                      Brooklyn, NY 11235

To the above named Defendant:

      You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiffs' attorney within twenty days after service of the summons exclusive of the day of the service, where service is made by delivery upon you personally within the state, or within 20 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       May 10, 2011

                      Yours, etc.,

                      STEWART LEE KARLIN, ESQ.
                      Attorney for Plaintiff
                      9 Murray Street, Suite 4W
DEFENDANTS' ADDRESS       New York, New York, 10007
100 Church Street               (212) 732-9450
New York, NY 10007
ATT: CORPORATION COUNSEL

NEW YORK
COUNTY CLERK'S OFFICE

MAY 17 2011

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

YING YING ZHU,

         Plaintiff,

  -against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK AND THE
CITY OF NEW YORK,

         Defendant.
-------------------------------------------------------------X

INDEX NO.

**VERIFIED COMPLAINT**

Plaintiff, Plaintiff YING YING ZHU, by her attorney, STEWART LEE KARLIN, ESQ., for her complaint herein alleges as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1. At all times hereinafter mentioned, plaintiff YING YING ZHU, (Chinese) who engaged in protected activity, (hereinafter "plaintiff or Ms. Greene") was and still is a resident of the State of New York, County of Kings.

2. At all times hereinafter mentioned, defendants Department of Education of the City of New York, the City School District of the City of New York and the City of New York is charged by law with responsibility for the operation, management and control of the New York City public education and is within the jurisdiction of this Court. Defendant City of New York is a municipal corporation existing by virtue of the laws of the State of New York. (hereinafter Defendants).

3. At all relevant times, Defendants are "employers" as defined in Section 701(b) of Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e. Plaintiff filed EEOC

1

charges under race, national origin and retaliation and a notice of right to sue letter was received within ninety days of the filing of this lawsuit conferring concurrent jurisdiction upon this Court.

4. At all times relevant, Plaintiff is an employee and individual within the meaning of Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e. and complained about discrimination (protected activity)

5. Plaintiff was employed as an ESL teacher with defendants for the office of Adult and Continuing Education, School since December 17, 2007. Plaintiff taught at P.S. 69 in the morning and the Sunset Head Start program in the afternoon. Plaintiff performed her job competently at all times relevant in the complaint.

6. Plaintiff has been subjected to a hostile work environment and disparate treatment due to her race, national origin and retaliation for complaining about discrimination (protected activity) as set forth below.

    a. Comments have been made concerning her Chinese accent;

    b. Policies and procedures have not been followed;

    c. Inordinate amount of students have been assigned to Plaintiff;

    d. Humiliating comments have been made to Plaintiff in front of her class by one of the Assistant Principals;

    e. Plaintiff's lesson plans have been unfairly criticized;

    f. Plaintiff has been denied training;

    g. Plaintiff has been targeted and received a "U" rating for the 2008-2009 and 2009-2010 school years after initially receiving a satisfactory rating for first six months;

    h.    Plaintiff has received unsatisfactory observations;

    i.    Plaintiff has been mocked and questioned and undermining her authority;

    j.    Plaintiff has been the target of numerous unfounded letters to file;

    k.    Plaintiff has been subjected to microscopic scrutiny;

    l.    The principal and assistant principal has papered plaintiff's file with baseless and defamatory memos that has stigmatized her;

    m.    Plaintiff has been isolated from her colleagues in the building;

    n.    Plaintiff has been subjected to daily surveillance by the principal and an assistant principal;

    o.    Plaintiff has received biased "U" observations and "U" rating on her performance evaluations;

    p.    Other acts of discrimination and retaliation;

    q.    Plaintiff was terminated while on probation;

7.    As a result of defendants' actions, plaintiff suffered and was damaged.

8.    The above captioned conduct was done intentionally and was a continuos pattern of harassment that altered the conditions of plaintiff's employment.

9.    To the objective observer, the conditions created a hostile work environment.

10.    Plaintiff has suffered significant psychological injury.

11.    Based upon the foregoing, plaintiff was subjected to a hostile work environment and disparate treatment by reason of her race, national origin and retaliation.

12.    By reason of the foregoing, defendant violated Title VII, by subjecting plaintiff to discrimination due to her race, national origin and retaliation.

13. As a result, plaintiff has been damaged and the damage exceeds the minimum jurisdiction threshold of this Court.

WHEREFORE, Plaintiff respectfully requests a judgment against Defendant as follows:

1. Judgment for all past salary owed;

2. Judgment for pain and suffering;

3. A reasonable attorney fees plus the costs and disbursements of this lawsuit, and such additional relief as this Court may deem just and proper under the circumstances.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

Dated: New York, New York
May 10, 2011

Yours, etc.

THE LAW OFFICES OF
STEWART LEE KARLIN, PC

STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
9 Murray Street, Suite 4W
New York, N.Y. 10007
(212) 792-9670

4

Docket No. 11 Civ. ___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YING YING ZHU,

                              Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, AND THE CITY OF NEW YORK,

                              Defendants.

## NOTICE OF REMOVAL

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: James L. Hallman*
*Tel: (212) 788-0960*
*Matter No. 2011-014986*

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................., 201__*

*...................................................... Esq.*

*Attorney for ...........................................*